SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney

MARK L. KROTOSKI (CSBN 138549)
Chief, Criminal Division

ANDREW M. SCOBLE (CSBN 124940)
ALEXIS HUNTER (NYSBN 3939824)
Assistant United States Attorneys

    450 Golden Gate Ave.
    San Francisco, California 94102
    Telephone: (415) 436-7249
    Fax: (415) 436-7234
    E-Mail:   andrew.scoble@usdoj.gov
                alexis.hunter@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No.: CR 05-0375 SI |
| | )       CR 06-0426 SI |
|     Plaintiff, | ) |
| | ) [PROPOSED] DETENTION ORDER |
|     v. | ) |
| | ) |
| PHUNG VAN NGUYEN, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

    This matter came on for detention hearing on January 19, 2007 and again on

February 8, 2007, following the parties' filing of supplemental written proffers requested

by the Court on issues raised at the initial detention hearing. Defendant Phung Van

Nguyen appeared in custody with Stuart Hanlon, who made a special appearance for

purposes of the detention hearing. The government appeared through Assistant U.S.

Attorney Andrew M. Scoble.

    Both sides were afforded an opportunity prior to the hearing to review the bail

report of the Pretrial Services Agency. The Pretrial Services Agency found that the

DETENTION ORDER
[CR 05-0375 SI & CR 06-0426 SI]

1   defendant posed a serious flight risk, and at the February 8, 2007 hearing this Court so

2   found.  This Order supplements the Court's findings announced from the bench and

3   serves as written findings of fact and statement of reasons as required by 18 U.S.C. §

4   3142(i)(1).

5           The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth four factors which

6   the Court must consider in determining whether pretrial detention is warranted.  These

7   factors are:

8           (1)  the nature and seriousness of the offense charged;

9           (2)  the weight of the evidence against the person;

10          (3)  the history and characteristics of the person including, inter alia, character,

11  employment, family ties, community ties, financial resources, and criminal history; and

12          (4)  the nature and seriousness of the danger to any person or the community that

13  would be posed by the person's release.

14          With regard to the first factor, the nature and seriousness of the offenses charged, a

15  federal grand jury has indicted the defendant with serious drug charges, some of which

16  carry a mandatory minimum sentence of ten years' imprisonment, with a possible

17  maximum of life imprisonment.  As the government noted in its written proffer, this

18  defendant is charged in two separate indictments.  In United States v. Enrique Chan, et

19  al., CR 05-0375 SI, Phung Van Nguyen is charged in Count One with conspiring with

20  Enrique Chan and others to cultivate and distribute marijuana between approximately

21  September 2000 and June 22, 2005.  He is also charged in Count Twenty-Five, along with

22  Enrique Chan, with possessing marijuana with intent to distribute it; according to the

23  government, that charge is based upon evidence that the defendant obtained three pounds

24  of marijuana from Chan, with the deal being consummated late one rainy night near the

25  Glen Park BART Station.

26          In the second indictment, United States v. Vince Ming Wan, a/k/a Nelson Wan,

27  a/k/a Phillip Hoang, et al., CR 06-0426 SI, defendant Phung Van Nguyen is charged with

28  conspiring with Wan and others to cultivate and distribute one thousand or more

DETENTION ORDER
[CR 05-0375 SI & CR 06-0426 SI]                    2

marijuana plants between approximately July 5, 2002 and June 27, 2005. He is charged in Counts Eight and Nine, along with Wan and defendant Kitty Li, with maintaining the Herbal Relief Center as a premises for cultivating and distributing marijuana between July 2004 and June 22, 2005, and with cultivating one thousand or more marijuana plants there and possessing them with intent to distribute. This latter charge, according to the government, is based upon evidence that agents seized approximately 1,586 plants and 200 clones there pursuant to a search warrant executed on June 22, 2005. Finally, Phung Van Nguyen is charged in Count Ten, along with Wan, with maintaining the premises at 1107-1109 Ocean Avenue, San Francisco, for the purpose of cultivating and distributing marijuana. The government proffered that these premises were leased, on paper, by defendant Phung Van Nguyen's mother, Holly Nhu Pham, but that in fact, Phung Van Nguyen and Vince Wan controlled the finances and used a portion of the premises to cultivate marijuana.

These charges raise a rebuttable presumption that no condition or combination of conditions will reasonably ensure the safety of the community and the defendant's appearance as required. 18 U.S.C. § 3142(e). Further, the defendant's conviction of any of the drug charges would appear to subject him to removal proceedings, which would provide a strong incentive to flee.

Turning to the second factor, the weight of the evidence, this is the least important of the factors, and the bail statute neither requires nor permits a pretrial determination of guilt. United States v. Gebro, 948 F.2d 1118, 1121-22 (9th Cir. 1991). The government proffered that the defendant conspired with various persons to distribute marijuana, and that the charged conduct includes a three-pound purchase of marijuana from co-defendant Enrique Chan, which occurred late at night away from the cannabis club with which the defendant was associated. The government also proffered that records seized from premises associated with Vince Ming Wan indicate that Wan has been involved in the operation and ownership of the cannabis club which, at least on paper, is owned and run by defendant Phung Van Nguyen. The government further proffered evidence that the

1  business of defendant's mother (who was a proposed surety) also appeared to have been

2  controlled by Vince Ming Wan, that its premises were used to cultivate marijuana, and

3  that the business may have been used in money laundering.

4  Concerning the history and characteristics of the defendant, and the nature and

5  seriousness of the danger posed by the defendant's release, the Court agrees that the

6  defendant poses a serious risk of flight for the following reasons. He is a citizen of

7  Vietnam. He has had no fixed residence for a period of approximately five years. Most

8  troubling to the Court, however, are the two separate incidents of flight described by the

9  government at the hearings. On or about January 1, 2007, the defendant was arrested in

10  San Francisco by local police officers, and made bail using another person's name and

11  driver's license number. Then, on January 10, 2007, when a Deputy U.S. Marshal

12  attempted to arrest the defendant on the current federal charges, the defendant broke away

13  and fled on foot before being apprehended again. The government also proffered that the

14  defendant was aware of the charges against him as early as June 22, 2005, but had

15  remained a fugitive since then. Further, the government proffered that the defendant's

16  significant other (who was one of the defendant's proposed sureties) made

17  misrepresentations to the U.S. Marshals Service when approached in May 2006 in an

18  effort by the U.S. Marshals Service to locate and arrest the defendant. According to the

19  government, it was through surveillance of the significant other's vehicle that the U.S.

20  Marshals Service succeeded in finding the defendant and ultimately arresting him on

21  January 10, 2007.

22  The Court does not find that the defendant is a danger to the community.

23  On the record, the Court agrees with the Pretrial Services Agency and the

24  government that Phung Van Nguyen poses a grave risk of flight. Through his conduct he

25  has demonstrated an awareness of the charges against him but an unwillingness to take

26  the chance of facing them in court. He has not demonstrated a willingness to abide by

27  conditions of release. Based on all of the circumstances before it, the Court finds that the

28  defendant is a flight risk, and that no condition or combination of conditions will

DETENTION ORDER
[CR 05-0375 SI & CR 06-0426 SI]                    4

1    reasonably assure his appearance as required.  The Court is willing to revisit this issue

2    upon a showing of changed circumstances.

3          Accordingly, pursuant to 18 U.S.C. § 3142(i), it is ORDERED that:

4          (1)  The defendant be, and hereby is, committed to the custody of the Attorney

5    General for confinement in a corrections facility separate, to the extent practicable, from

6    persons awaiting or serving sentences or being held in custody pending appeal;

7          (2)  The defendant be afforded reasonable opportunity for private consultation with

8    his counsel; and

9          (3)  On order of a court of the United States or on request of an attorney for the

10   government, the person in charge of the corrections facility in which the defendant is

11   confined shall deliver the defendant to an authorized Deputy United States Marshal for

12   the purpose of any appearance in connection with a court proceeding.

13

14

15   DATED:    March 6, 2007

16                                            HON.
                                              United

17   

18

19

20

21

22

23

24

25

26

27

28

DETENTION ORDER
[CR 05-0375 SI & CR 06-0426 SI]                5